SCALING v. COLLINS. (No. 8946.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 14, 1918.)

NEW TRIAL ☞85—ABSENCE OF PARTY—DISCRETION.

Where defendant failed to appear at either the first or second time for which case was set, and, though notified that it was again set for 9:30 a. m. the next morning, failed to start from his home, 20 miles in the country, till that morning, and, because of mud and automobile trou-

bles, arrived after judgment, there was no abuse of discretion in refusing new trial.

Appeal from Clay County Court; E. W. Coleman, Judge.

Action by R. B. Collins against Harry Scaling. Defendant was denied a new trial, and appeals. Affirmed.

R. F. Arnold, of Henrietta, for appellant. Taylor, Allen & Taylor, of Henrietta, for appellee.

BUCK, J. We do not feel justified in holding that in denying appellant, defendant below, a new trial the trial court abused the large discretion as to such matters vested in him by law. The controverting affidavit of plaintiff shows that the cause was originally set for July 30, 1917, on which date neither the defendant nor his counsel was present. The court on his own motion reset the case for 1:30 p. m. August 6th. Attorneys for plaintiff immediately wrote defendant, who lived only 20 miles from Henrietta, the county seat, notifying him of such resetting, and a few days later defendant's counsel returned to Henrietta, and both the court and plaintiff's attorney notified him of the setting. Defendant's attorney immediately by letter notified his client of the setting. It is shown that the rural mail carrier leaving Henrietta daily delivers defendant's mail at his ranch. No claim was made by defendant that he did not get the notices, but he failed to appear in court on the afternoon of August 6th. Whereupon defendant's counsel prayed for a postponement until his client could reach Henrietta, or at least until he could get into communication with him. Plaintiff's attorneys protested against the postponement, informing the court of the two notices of the setting which had been sent defendant. The court finally reset the cause for 9:30 a. m. of the next day, and told the defendant's attorney that the cause would promptly go to trial at that time, whether the defendant was present or not, and that if he could get into communication with defendant he had better do so, and inform him of the last setting and of the court's statement. Defendant's counsel did, at about 3 p. m. of the 6th, call up defendant over the phone, who admitted that he had received the prior notices, and told him to come to Henrietta and be ready for trial at 9 o'clock the next morning. It appears that defendant did not start for Henrietta until the morning of the 7th, and did not reach Henrietta until some 40 minutes after judgment had been granted plaintiff; that defendant's counsel requested that the case be held open until defendant could reach the courthouse, but this the court refused to do. The only excuse for his failure to be present at 9

o'clock, given by defendant in his motion for new trial, was that the roads were muddy, were well-nigh impassable, and that he had some trouble with his car, which caused a delay of some 20 or 30 minutes.

The oral motion for postponement made on August 7th must be considered as at least the second motion for continuance. No reason is shown why defendant did not start for Henrietta on the afternoon of August 6th. If the roads were muddy, and travel thereby and thereon likely to be greatly impeded, it would seem that such a course would have commended itself to defendant, and that he must have known of the uncertainty of travel in an automobile over roads in such condition. But he took the chance of reaching court by starting from home the next morning. He suffered, apparently, no more delays than might be reasonably expected in reaching Henrietta. Trials and courts cannot wait on the convenience of individual witnesses or litigants as to when or by what means they shall reach the place of trial. The expedition of court business requires that the individual whose presence at a trial is essential to the establishment of some right or the protection of some interest should so make his plans and adjust his private affairs as to reasonably insure his presence at the time and place of trial. When the litigant himself fails to do this, and disregards the probability of the delays ordinarily incident to travel by automobile over bad roads, and experiences such delays, and is thereby prevented from reaching the courthouse during the trial of his case, we are not prepared to hold that the trial court abused his discretion in refusing to set aside the judgment and grant him a new trial.

The judgment is affirmed.

⬥➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes